

2005 Decisions

**Opinions of the United States Court of Appeals for the Third Circuit**

6-17-2005

# Nathan F. v. Parkland Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2295

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Nathan F. v. Parkland Sch Dist" (2005). *2005 Decisions.* Paper 996.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/996

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2295

———

NATHAN F., A MINOR, BY AND THROUGH HIS PARENTS AND NATURAL
GUARDIANS, HARRY F. AND AMY F.;
HARRY F.; AMY F., IN THEIR OWN CAPACITY

Appellants

v.

THE PARKLAND SCHOOL DISTRICT

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-04714)
District Judge: Honorable James K. Gardner

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 2, 2005

Before: FUENTES, GREENBERG, and COWEN, Circuit Judges.

(Filed June 17, 2005)

OPINION OF THE COURT

———

FUENTES, <u>Circuit Judge</u>.

This case involves an attorney's fee petition under the Individuals with Disabilities Education Act. The plaintiffs filed a fee petition in the District Court, based on a provision in a private settlement with the Parkland School District, providing that the settlement be considered a "judicial consent decree" for fee-shifting purposes. However, the District Court held that the provision could not be given effect, depriving the plaintiffs of the prevailing party status necessary to prevail in a fee petition. The District Court also rejected the petition because it found that the plaintiffs had not attained a sufficient change in their legal relationship with the school district to render them prevailing parties in the dispute. We will affirm on the first ground, as our precedent requires some actual judicial imprimatur in order for a settlement to confer prevailing party status.

**I.**

Nathan F.'s parents brought an administrative action under the Individuals with Disabilities Education Act (IDEA) to compel his dual-enrollment in a public school and private school in order to address certain disabilities. The matter was settled privately by the parties, and the settlement contained a provision stating that the settlement "shall have the effect of [a] judicial consent decree for purposes of [the fee-shifting statute] entitling the Parents to seek reimbursement for attorney's fees and costs in an appropriate forum; however nothing set forth in this Agreement shall compel any award of attorney's fees and costs." The parents sought attorney's fees, but the District Court rejected their petition because it

found that the parents were not "prevailing parties" as understood in the fee-shifting context. The District Court held that private settlements could not confer such status and the judicial consent decree provision was invalid as the parties could not create judicial approval merely by agreement. The District Court also found that the settlement did not provide sufficient relief to Nathan to find a material alteration in the legal relationship between the parties, also precluding fees. The parents appeal both findings.

## II.

The IDEA, 20 U.S.C. §§ 1400 et seq., provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party," 20 U.S.C. § 1415(i)(3)(B). "The Supreme Court has held that 'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" John T. ex rel. Paul T. v. Del. County Intermediate Unit, 318 F.3d 545, 560 (3d Cir. 2003) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978))). "Accordingly, '[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" Id. (quoting Tex. State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 792-93 (1989)).

"[T]he [Supreme] Court [has] distinguished between court-approved settlements and

3

private settlements, stating that 'private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal.'" Truesdell v. Phila. Hous. Auth., 290 F.3d 159, 164 (3d Cir. 2002) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 n.7 (2001)). Accordingly, we have required that private settlements be judicially sanctioned in order to confer prevailing party status for IDEA fee-shifting purposes. See John T. ex rel. Paul T. v. Del. County Intermediate Unit, 318 F.3d 545, 560 (3d Cir. 2003) (refusing to find prevailing party status where, "[a]lthough [plaintiff] undoubtedly realized an objective of his litigation upon obtaining an acceptable IEP which placed him in the public schools, this result was not 'judicially sanctioned'" because "[plaintiff] and the DCIU developed the IEP through negotiations out of court, and no court has endorsed the agreement with a 'judicial imprimatur'"); cf. Truesdell, 290 F.3d at 165 (finding a stipulated settlement to be "judicially sanctioned" because it: (1) contained mandatory language, (2) was entitled "Order," (3) bore the signature of the District Court judge, and (4) provided for judicial enforcement).[1]

There is only one distinguishing factor between this case and John T. on the prevailing

---

[1]Although Truesdell was decided in the § 1988 fee-shifting context, we have noted that decisions concerning the meaning of "prevailing party" as used in § 1988 are "'generally applicable in all cases in which Congress has authorized an award of fees to a "prevailing party."'" John T., 318 F.3d at 555 n.4 (quoting Hensley, 461 U.S. at 433 n.7).

4

party issue: here, the settlement contained the provision purportedly giving it the effect of a consent decree for IDEA fee-shifting purposes. However, the Supreme Court, in discussing the distinction between consent decrees and private settlements, noted the presence of oversight and approval by a court in the former category. Parties cannot create such judicial imprimatur by stipulation, and therefore the provision referenced above cannot be given effect. Accordingly, this case is controlled by Truesdell and John T., and the facts are materially indistinguishable from those in John T., in which prevailing party status was found to be lacking. Because the plaintiffs cannot be considered prevailing parties for IDEA fee-shifting purposes, their petition for fees must be denied.[2]

### III.

For the reasons discussed above, we will affirm the decision of the District Court denying attorney's fees.

---

[2]We need not consider whether the District Court was correct in holding that there was an insufficient change in the parties' legal relationship to confer prevailing party status on the plaintiffs.

5